ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | NO. |
| V. | |
| GARY RONALD MORRIS | 3-18CR-222-S |

# INFORMATION

The United States Attorney Charges:

At all times material to the information:

**Defendant and Related Entities**

1. Greystone Digital Technologies Inc (Greystone) was a corporation based in Addison, Texas, registered under the laws of the state of Texas, and operated by **Gary Ronald Morris (Morris).** **Morris** represented that Greystone developed and manufactured large bore cargo scanners capable of scanning cargo containers.

2. Kiboga Systems Inc (Kiboga) was a corporation based in Addison, Texas. **Morris** registered Kiboga under the laws of the state of Texas. **Morris** operated Kiboga and represented that Kiboga developed and maintained software that operated the large bore cargo scanners.

Information – Page 1

Count One
Wire Fraud
(Violation of 18 U.S.C. § 1343)

1. The United States Attorney hereby adopts, realleges and incorporates by reference herein the allegations contained in the Introduction to this Information as if fully set forth herein.

**Scheme to Defraud Investors**

2. During the period from at least 2008 through in or about 2016, **Morris** devised and intended to devise a scheme to defraud investors, and to obtain money and property from investors by means of materially false and fraudulent pretenses, representations, and promises.

**Manner and Means**

3. It was a part of the scheme to defraud that during the period from in or about at least 2008 through in or about 2016, defendant **Morris** made and caused to be made a series of false representations in order to fraudulently induce investors to provide **Morris** with investment funds.  **Morris** also made these false representations in an attempt to reduce the risk of investors demanding refunds of invested funds or filing lawsuits against **Morris.**  **Morris** made most of his false representations to a single investor.  **Morris** also made false representations to an individual who represented other investors, and **Morris** made false representations directly to additional investors.

4. It was a further part of the scheme and artifice to defraud that **Morris** falsely represented to investors that he was developing a "cargo scanner", that he completed his design and had actually built a fully functional "cargo scanner", and that

this new "cargo scanner" had been built, tested and had demonstrated a capacity to successfully scan vehicles, trucks, cargo containers, and other items for the detection of drugs, explosives and other contraband.

5.  It was a further part of the scheme and artifice to defraud that **Morris** also falsely represented to investors during the period from at least 2005 to 2016 that **Morris** would use investor funds to finance the continued development of the software program needed for the cargo scanner. As part of the scheme, **Morris** concealed from investors that **Morris** completed all work on software development in 2004. However, **Morris** continued to deceive investors for many years with false statements that **Morris** needed investor funds for software development in order to justify his need for additional investor funds.

6.  It was a further part of the scheme and artifice to defraud that **Morris** spent the vast majority of the invested funds for his personal expenses and to support his lavish lifestyle. Among other things, **Morris** used investor funds for travel, to purchase luxury automobiles, to purchase two residences with a total value of nearly $1 million, and as the source of funds for hundreds of thousands of dollars in cash withdrawals.

7.  It was a further part of the scheme and artifice to defraud that **Morris** created fictitious email accounts and sent several fabricated emails to investors. **Morris** used these fictitious emails to deceive investors by falsely representing that other major investors had invested large sums with **Morris**, thus falsely portraying Greystone as a very successful business and a good investment opportunity. These false emails to investors fraudulently provided a false sense of credibility to **Morris'** business and were

Information – Page 3

a major reason many investors chose to trust **Morris** with their money.

8. It was a further part of the scheme and artifice to defraud that **Morris** falsely represented to investors, verbally and via email, that he had successfully demonstrated his cargo scanner to officials at Federal Express, who were interested in signing a contract to purchase several of them. In reality, **Morris** had not developed a cargo scanner. Instead, **Morris** rented a medical CAT scanner from another company and used it as his demonstration device in order to conceal from investors that **Morris** failed to actually develop and produce a functioning cargo scanner.

9. It was a further part of the scheme and artifice to defraud that **Morris** falsely represented to investors, verbally and via email that **Morris** was working closely with several well-known cargo scanner manufacturing companies to further develop **Morris'** cargo scanner. In truth and in fact, none of these companies falsely listed by **Morris** had ever done any business with **Morris** or his companies.

10. It was a further part of the scheme and artifice to defraud that **Morris** sent emails to investors which contained the following false representations: **Morris** falsely represented that a term sheet existed which reflected that LH Financial would invest in Greystone; **Morris** falsely represented that Greystone was physically onsite and working at the Federal Express (FedEx) facility in Memphis, Tennessee on the cargo scanner project; **Morris** falsely represented that Greystone employees were actively working on the cargo scanner project at the FedEx facilities in Memphis, Tennessee; and **Morris** falsely represented that the American Science & Engineering had its scanners on site at FedEx's facilities in Memphis. **Morris** caused these false representations to be made to

Information – Page 4

investors in order to conceal from investors the true state of the business of Greystone Digital Technologies.

11.   As a result of this scheme, defendant **Morris** fraudulently obtained and spent investor funds.

### Interstate Wiring Used to Carry Out the Scheme to Defraud

12.   On or about March 22, 2016, in the Dallas Division of the Northern District of Texas, and elsewhere, defendant **Gary Ronald Morris**, aided and abetted by others, for the purpose of carrying out and executing the scheme to defraud described above, and attempting to do so, did knowingly and with the intent to defraud, caused to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals, and sounds by using computers located in the Northern District of Texas, and causing electronic interstate email communications in and through the Northern District of Texas to be transmitted to aol.com computer servers located outside the state of Texas, namely, in an internet email communication using aol.com from **Morris** to an investor, namely, **Morris** sent a false email to an investor which falsely represented that **Morris's** employees were engaged in ongoing activity and discussions with Federal Express employees about the development of a cargo scanner.   **Morris** prepared and sent this false email with the expectation that this false email would be forwarded to other investors as part of the scheme to defraud investors.

In violation of 18 U.S.C. § 1343

**[Remainder of Page Blank, Only Signature Follows]**

Respectfully submitted,

ERIN NEALY COX
United States Attorney

/s/ David L. Jarvis
_____
DAVID L. JARVIS
Assistant United States Attorney
Texas Bar No. 10585500
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8729
Facsimile: 214-659-8812
david.jarvis@usdoj.gov